# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ROOSEVELT COLEMAN　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #151746

v.　　　　　　　　　　　　　　　NO. 3:17CV00048 JLH

FREDDY WILLIAMS, Detective,
Marion Police Department　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## ORDER

Plaintiff Roosevelt Coleman, an Arkansas Department of corrections inmate, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 17, 2017. Document #3. Coleman also filed a declaration in support of his complaint. Document #4. The Court granted Coleman's application to proceed *in forma pauperis* on March 20, 2017. Document #7.

### I. Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

Coleman alleges that on November 5, 2015, he was arrested and charged with aggravated robbery and taken to the Marion Police Department where Detective Freddy Williams interrogated him despite Coleman's refusal to answer questions. Document #4 at 1. Coleman alleges Williams illegally recorded a conversation with Coleman, and the recording was used as evidence that led to his conviction in the aggravated robbery case. Document #3 at 4; document #4 at 1-2. Coleman attaches an excerpt of what appears to be a pleading or brief from the aggravated robbery case which

includes a transcription of the conversation he had with Williams. Document #4 at 3-4. However, Coleman does not explain whether this is partial or complete transcription, whether or not he made any incriminating statements, what those statements were, or what other evidence may have led to his conviction.

Coleman's constitutional claim appears to be that his Sixth Amendment right to counsel was violated when Williams recorded a conversation with him after he was charged and refused to answer questions. *See generally McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S. Ct. 2204, 115 L. Ed. 2d 158 (1991) (holding that the Sixth Amendment right to counsel attaches when a prosecution is commenced). Coleman seeks damages of $15,000 for his pain and suffering. Document #3 at 5. If a ruling in Coleman's favor would imply the invalidity of his conviction, his complaint must be dismissed. *See Heck v. Humphry*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus). The Court needs more information to determine whether Coleman's claim will *necessarily* imply the validity of his conviction, and if not, whether he has suffered an actual, compensable injury. *See id.* at 487 n.7 ("In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only [a constitutional violation], but that it caused him actual, compensable injury, . . . , which, we hold today, does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned).") (internal citations omitted).

To allow the Court to determine whether Coleman states a cognizable § 1983 claim for relief, Coleman must file a legible amended complaint within thirty days from the date of this Order

2

explaining the following: (1) how he was harmed by the recording made by Williams; (2) what incriminating statements were made in the recording; (3) what other evidence was offered against him in the aggravated robbery case; and (4) why he seeks relief against Williams in his official capacity. Coleman is cautioned that an amended complaint renders his original complaint without legal effect. Only claims properly set out in the amended complaint will be allowed to proceed. Coleman's failure to timely file an amended complaint will result in the dismissal of his complaint pursuant to Local Rule 5.5(c)(2).

## II. Conclusion

IT IS THEREFORE ORDERED THAT Coleman is directed to submit an amended complaint, with the information specified in this order, no later than 30 days after the entry date of this order. Coleman's failure to do so will result in the dismissal of his complaint.

DATED this 11th day of April, 2017.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE